■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SCOTT, Appellant. [951 NYS2d 893]—

The defendant's contention regarding allegedly improper comments made by the prosecutor during summation is not preserved for appellate review (*see* CPL 470.05 [2]), as the defendant either failed to object to the challenged comments or made only a general objection (*see People v Balls*, 69 NY2d 641, 642 [1986]). In any event, the challenged remarks were not improper, since they constituted fair comment on the evidence, were a fair response to the defense summation (*see People v Colon*, 45 AD3d 776 [2007]; *People v Urena*, 24 AD3d 693 [2005]), or were harmless, as the evidence of the defendant's

guilt was overwhelming, and there is no significant probability that the allegedly improper comments contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that the trial court erred in permitting the People to introduce expert testimony concerning the customs and practices of street gangs, is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, under the circumstances of this case, the expert testimony was properly admitted as probative of the defendant's motive for shooting and killing the victim (*see People v Scott*, 70 AD3d 977 [2010]; *People v Avila*, 303 AD2d 165 [2003]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.